UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-7549 PA (AYPx) | Date | July 16, 2026 |
| Title | M.F. v. Ramji T. Patel, et al. | | |

| | |
|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |

| Catherine Jeang | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS—ORDER TO SHOW CAUSE

Pursuant to Federal Rule of Civil Procedure 10, the title of a complaint must set out the names of all parties to the action. Fed. R. Civ. P. 10(a). Federal Rule of Civil Procedure 17(a)(1) requires that an "action must be prosecuted in the name of the real party in interest." Additionally, the Central District's Local Rules require parties to list, on the first page of all documents, the "names of the parties." L.R. 11-3.8(d). "The normal presumption in litigation is that parties must use their real names." Doe v. Kamehameha Sch., 596 F.3d 1036, 1042 (9th Cir. 2010). "[W]hen special circumstances justify secrecy," a party may be permitted to proceed anonymously or use a pseudonym. Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000). A party, however, must obtain leave from the court in order to proceed under a fictitious name. See American-Arab Anti-Discrimination Comm. v. Ridge, SA CV 02-1200 AHS (ANx), 2003 U.S. Dist. LEXIS 25100, at *23 (C.D. Cal. Nov. 5, 2003).

In this case, the Complaint states, "Due to the sensitive, private, and potentially retaliatory nature of the allegations herein, Plaintiff's name and address is not contained in this Complaint . . . ." (Compl. ¶ 7.) However, Plaintiff has not sought leave from this Court to proceed in this action under a pseudonym or by her initials. Accordingly, the Court orders Plaintiff to show cause in writing why the Complaint should not be dismissed with leave to amend for failure to comply with Federal Rules of Civil Procedure 10, 17, and Local Rule 11-3.8. See Doe v. Rostker, 89 F.R.D. 158, 163 (N.D. Cal. 1981) ("This court has both the duty and the right to ensure compliance with the Federal Rules and to take action necessary to achieve the orderly and expeditious disposition of cases."). Plaintiff's response shall not exceed five pages. Plaintiff's response to this Order shall be filed on or before July 24, 2026. In the alternative, Plaintiff may file either an Ex Parte Application seeking leave to proceed using a pseudonym or an Amended Complaint listing Plaintiff's true name. Failure to timely or adequately respond to this Order may result in the dismissal of this action without prejudice and without further notice.

IT IS SO ORDERED.